IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN OTTE,

    **Plaintiff,**

                  v.                    CASE NO. 18-3165-SAC

**LACLEDE COUNTY JAIL,**
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Shawn Otte brings this *pro se* civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was incarcerated at the Laclede County Jail in Lebanon, Missouri ("LCJ"). The Complaint identifies the defendants as "Laclede County Jail"; Angie Clark, Jail Captain; and David Millsap, Sheriff. The Complaint alleges that LCJ changed its mail policy on April 1, 2018, to limit mail to family to 4 x 6 inch postcards. Plaintiff also alleges that the law library was "taken" on March 1, 2017. Plaintiff alleges that an inmate must pay $20 to see a nurse and $40 to see a doctor. Plaintiff further alleges that there is overcrowding at LCF, with three to four men in a cell and eighteen men in a twelve-man pod. Plaintiff also claims there is a two to three-week delay in seeing medical staff at LCJ.[1]

The Complaint identifies the defendants as the "Laclede County Jail" and the jail's Captain and Sheriff. The Laclede County Jail is located in Lebanon, Missouri. Under 28 U.S.C. § 1391(b):

    A civil action may be brought in –

    (1) a judicial district in which any defendant resides, if all
    defendants are residents of the State in which the district is located;

---

[1] The Court notes that Plaintiff has failed to respond to the question on his form Complaint inquiring as to whether or not he has exhausted his administrative remedies prior to filing suit. (Doc. 1, at 5.) Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 200) (citations omitted).

1

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . .

28 U.S.C. § 1391(b)(1)–(2).

Accordingly, venue is proper in Missouri under 28 U.S.C. § 1391(b). The Court directs the Clerk of the Court to transfer this matter to the United States District Court for the Western District of Missouri.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk of Court shall transfer this action to the United States District Court for the Western District of Missouri.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 5th day of October, 2018.**


        **<u>s/ Sam A. Crow</u>**
        **Sam A. Crow**
        **U.S. Senior District Judge**